HC-001

Name: Jermaine Joseph Dunlap

Address: E23·D201·4L

R.J.D Correctional Facility

480 Alta Road

San Diego, CA 92179

CII Number #: A08445471 / FB #: 145986 MA2

CDC or ID Number: E·90196 / PID: 11543938

# FILED

**JUN 17 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _Ledi_
DEPUTY CLERK

COURT OF APPEAL FOR THE STATE OF
CALIFORNIA, FOURTH APPELLATE DISTRICT
DIVISION TWO
COURT ID #: 36100 BRANCH: Central Division

*(Court)*

| | |
|---|---|
| Jermaine Joseph Dunlap | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | No. **2:22 - CV 1050 - ___ AC HC** |
| vs. | |
| In the Superior Court of San Bernardino; WARDEN of RJD Correctional Facility; and | *(To be supplied by the Clerk of the Court)* |
| Respondent U.S. DISTRICT COURT FOR THE District of Columbia | |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2016). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. January 1, 2019]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code § 1473 at seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

This petition concerns:

[ ] A conviction                    [ ] Parole

[ ] A sentence                      [ ] Credits

[ ] Jail or prison conditions       [ ] Prison discipline

[X] Other (specify):  CALIFORNIA COURT OF APPEAL

1. Your name:  Jermaine Joseph DUNLAP

2. Where are you incarcerated?  R.J.D Correctional Facil

3. Why are you in custody?  [X] Criminal conviction   [X] Civil commitment

*Answer items a through i to the best of your ability.*

a. State reason for civil commitment, or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
   Petitioner was convicted As Remanded of A Plea of Nolo contendere: second Degree Murder (P.c. §187(a), with Personal use of Firearm (P.c. §12022.5(a), assault with firearm (P.c. § 245(a)(2) with Personal use of firearm (P.c. 12022.5(a)) Attempted Murder First Degree (P.C. §§664/187)

b. Penal or other code sections:  §187(a), §664/187 ; Par

c. Name and location of sentencing or committing court:
   CALIFORNIA COURT OF APPEAL, FOURTH APPELLATE DISTRICT, DIVISION TWO
   3389 12Th STReeT
   Riverside, CALiFoRNiA 92501

d. Case number:  SCR52789 / FOO70505 / FVAI068

e. Date convicted or committed:  January 7, 1991

f. Date sentenced:  February 5, 1991

g. Length of sentence:  15yrs plus 10yrs / Total 25yrs with Life PAR

h. When do you expect to be released?  June 16, 2022

i. Were you represented by counsel in the trial court? [X] Yes   [ ] No   *If yes, state the attorney's name and address:*
   Basic Law "Every Law Shall Have The Right Freely To Express And disseminate His opinion in speech, writing And Pictures And To Inform Himself Without Hindrance From General Accessible Sources.

4. What was the LAST plea you entered? *(Check one):*
   [ ] Not guilty  [X] Guilty  [X] Nolo contendere  [X] Other:  stipulations

5. If you pleaded not guilty, what kind of trial did you have?
   [ ] Jury   [X] Judge without a jury   [X] Submitted on transcript   [ ] Awaiting trial

6. GROUNDS FOR RELIEF
Ground 1: State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal
enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For
additional grounds, make copies of page 4 and number the additional grounds in order.)*

The Recall of Commitment Recommendation Circumstances. The secretary of
The Department of Correction, Shall Recommend at any time To The Sentencing
COURT The Recall of An Inmate's / Prisoners Commitment PURSUANT To Penal
Code §1170(d). IF The Inmate / Prisoner is not sentenced To Death, for one
OR more of The following reasons: Information which was not made available
To The Court in Pronouncing The Prisoner's sentence is brought To The Attention
of The Secretary, who Deems The Information Would have Influenced The sentence
Imposed by The Court. Infringes on The Eighth Amendment Cruelty To Punishment.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on
which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For
example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or
failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re
Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or
place *(where)*.

The secretary of The Department of Correction Shall Recommend at any time To The
Sentencing COURT The Recall of An Inmate's Commitment To Penal Code section §
1170(e), IF The Inmate/Prisoner's Commitment is not sentenced To death
OR A Term of Life with no possibility of Parole for one or more of The
following reasons: (i) The Inmate/Prisoner is Terminally ill with An Incurable
Condition Caused by An illness or disease That Would Produce death. (2) The
Inmate/Prisoner is permanently medically Incapacitated with a medical
Condition, That Renders him/her permanently unable To Perform activities
of Basic daily Living, And Result in The Inmate 24 Total Hour CARE. A
Psychosis, A Severe mental Disease; Psychotic • Pathology The study of
Disease. A Disability A chronic DME Vision Impaired The Growing
Effects of The CARE of The Inmates Eyes pain scale Even with spectacles.

b. Supporting documents:
Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duval* (1995) 9 Cal.
4th 464, 474.)

The Recall of Commitment Processing For penal Code section §1170(d). (i) Request of
Consideration which Are Initiated From The Classification Committee or by The
Sentencing COURT more Than 120 days After The date of The Inmate Commitment
Shall be Referred To The Classification And Parole Representatives. (2) The Inmates
most Recent Board of Parole Hearings Parole Consideration Report with The
Lifer Parole Hearing Decision Face Containing The Board of Parole Hearings'
disposition (Applies only To inmates who Are sentenced To An Indeterminal Term

c. Supporting cases, rules, or other authority *(optional)*:
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If
necessary, attach an extra page.)

The Recall of Commitment Recommendation Consideration Factors For penal Code
§1170(d). For Inmates meeting one or more of The Recall Eligibilities Requirements
of Circumstances The Classification And Parole Representatives, Shall Consider
The following Factors As Should be applicable When Recommending Recall of
Commitment Consideration An Inmate: (i) The Inmates Commitment offense. (2)
whether The Inmate Has A History of Affiliation with organized Criminal
activity, Including But not Limited To Any Known disruptive Group, street Gang,
or Racketeering Enterprise. Martinez v. Board of Parole Hearings (2010) 183 Cal.App. 4th 578.

**County of San Bernardino**

# Office of the District Attorney

**JASON ANDERSON, District Attorney**

April 4, 2022

Jermaine Joseph Dunlap, E90196
E23 D201 4L
R.J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

Dear Mr. Dunlap:

The San Bernardino County District Attorney's Office is in receipt of your correspondence dated March 3, 2022 which includes both documentation for an Executive Clemency and a Certificate of Rehabilitation and Pardon. Please be advised that our office has processed the Notice of Intent to Apply for Clemency however has taken no action as to the Notice of Filing of Petition for Certificate of Rehabilitation and Pardon. If you wish to proceed with that petition, you must file it directly with the Superior Court of California, County of San Bernardino.

Thank you,

San Bernardino County
District Attorney's Office



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | DUNLAP, JERMAINE | **Date:** | 04/12/2022 |
| **CDC#:** | E90196 | **Date of Birth:** | 12/18/1971 |
| **Control Date:** | 05/19/2006 | **Control Date Type:** | Minimum Eligible Parole Date |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 04/12/2022 | **Hearing Type:** | Annual; VIO Case-by-Case; Other (See Committee Action Comments) |
| **Committee Type:** | Institution Cls. Committee (UCC) | **Correctional Counselor:** | M. Ilizaliturri |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

Dr. J. Hauser, from Mental Health was present during committee

## COMMITTEE ACTION SUMMARY

ANNUAL/VIO REMOVAL CONSIDERATION REVIEW: PS REMAINS AT 0 WITH A MMS 19 (VIO AD), CONTINUE MEDA CUSTODY, CONTINUE WG/PG A1/A EFF: 3/27/2014, CPP, RE-AFFIRM W/L, FHC, DOUBLE CELL/DORM LIVING /DDP HOUSING APPROVED, IHC: R/E, AND TABE: 5.4. EFFECTIVE COMMUNICATION ESTABLISHED. CCI M. VELASCO WAS ASSIGNED AS A STAFF ASSISTANT.

## COMMITTEE COMMENTS

(EFFECTIVE COMMUNICATION)
Inmate DUNLAP's (E90196) case was reviewed on this date before Facility- E UCC on this date for the purpose of his Annual/VIO Removal consideration Review. "S" was present during the hearing and was provided a 72 hour notice per Notice of Classification Hearing dated 4/8/2022. Upon review of ERMS/SOMS, "S" has a disabilities or Effective Communication requirements noted based on EOP designation; (TABE:5.4). Effective Communication was established during the pre-Committee interview and this hearing by; speaking simple English slowly and clearly, "S" reiterated what was explained in his own words, and provided appropriate, substantive responses to questions asked indicating "S" understood.

(ANNUAL REVIEW)
Based on "S" Work & Disciplinary history for the past year (from 4/1/2021 to 3/31/2022) "S" Placement Score (PS) will remain at 0. "S" has a MMS of 19 due to a VIO AD. Disciplinary history is Clear for this review period. During pre-Committee interview, "S" requested to continue his present program (CPP).

Rehabilitative Case Plan Study (RCP/RCPS) 4/8/22
UCC reviewed the SOMS RCP and RCPS chrono CDCR 2038 already on file for appropriate program placement, to which the following committee-"S" interaction is noted: Positively program and prepare for the board.

PRIOR INCARCERATED "BIG 6": Per policy, Memorandum dated 12/28/18, Initial Classification Scoresheet shall be reviewed at inmate's Annual Review to determine if "Big 6" points were received. Scoresheets shall be assessed to determine if "Big 6" points exceeds ten calendar years prior to the date of reception. If the points exceeds the ten calendar years then a recalculation needs to be completed. S' Initial scoresheet was reviewed and is in compliance with policy; no recalculations needed.

Non- Designated Programming Facilities: "S" was admonished regarding Programming Facilities (PF): PFs do not recognize or utilized SNY and GP designation for housing. As a Non-Designated Programming Facility, it is expected that all inmates will program together and comply with the integrative housing expectation regardless of prior GP or SNY programming or level designation. Inmates non-compliant with the transfer and/or housing placement recommendation shall be subject to the Departmental disciplinary process and potential placement into higher-level housing. "S" was informed of this recommendation during a pre-committee interview. During committee, "S" understood the expectations and agreed with the non-designated unit by stating, " I agree."

(PREA REVIEW)
As part of "S" Annual Classification Review, the inmate participated in the completion of PREA Screening tool at RJD, which included a review of all available documentation in SOMS and ERMS and a face-to-face interview. The "S" stated, "I have no additional information to add". "S" housing placement and programming are appropriate at this time .

(COMMITTEE NOTES)
ARSON/ESCAPE/SEX/COMPUTER CRIMES: NONE NOTED.

"S" has no active Hold/Warrants/Detainers noted that impact placement.
"S" has a verified GED/HSD per SOMS/Education Record dated 4/8/2015.

CSRA SCORE: 1/low.
STG affiliation: Noted (REFER TO SOMS>STG Affiliation).
Special Programs have been evaluated and programs that are eligible/non-eligible are noted on this Classification Chrono in the Special Programs Screening section.
A CDC 2260 Advisement of Expectations dated 9/915 is noted in ERMS.

"S" next BPH is scheduled NLT: 6/16/2022.

***Offender Separation Alerts: Noted.***
***Confidential Offender Separation Alerts: Clear.***
***Confidential file has been reviewed: Noted .***
***Staff Separation Alerts: Clear.***

(CASE FACTORS)
Case factors are noted on a Classification Chrono 1/10/2017. "S" is currently committed to CDC for PC187 2nd Murder 2nd w/ Use of FA, PC245(a) Assault with a Firearm, PC187 Attempted Murder 1st. This offense is an automatic VIO Administrative Determinant and permanent exclusion from MSF.

(CASE-BY-CASE VIO REVIEW FOR REMOVAL CONSIDERATION)
The Circumstances for PC187 2nd[05] Murder 2nd, PC245(a)(2)[01] Assault with a Firearm & PC187(664)[03] Attempted Murder 1st dated 6/17/90 are as follows: Per Rialto City Police Department Arrest report (Located in ERMS/CASE SUM dated 6/17/90): On 6/17/90, the marked Rialto police unit R-17 was waived down by two Mexican males. The officer rolled down his passenger window and the two Mexican males approached the car and told the officer that someone had been shot. The officer arrived to the scene and the "V" was lying on his back in the parking lot of "Pig Pit" restaurant. The "V" right side of the white tank top shirt was soaked in blood. On 6/17/90 the "S" willfully, unlawfully, and with malice aforethought killed the "V" a human being using a firearm.

Positive in-custody behavior: "S" completed the following programs:
8/30/21- Restorative Justice Workbook (Completion)
10/28/19- 128-B12 week course Greif and Loss
10/9/19- 128-B 12 week course Dialectical Behavioral Therapy
7/26/19- 128-B 12 week course Mental Health and Wellness
7/14/19- 128-B 21 week Board Preparation Workshop
4/16/19-128-B  Lifer Youth Offender Board Preparation Group
1/20/19- 128-B Anger Management
12/23/18- Certificate Board Prep Group
12/4/18- 128-B Mindfulness and Cognitive Behavior
12/3/18-128-B & Certificate for Positive Psychology Group Therapy
10-29/18- 128-B Life Skills
7/25/16- Certificate Life Skills
2/16/18-128-B Social Skills
6/21/15 Certificate Life Skills
8/6/15- 128-B Substance Abuse
7/30/15- 128-B Stress Management
1/14/04- Certificate Narcotics Anonymous
5/19/04- Certificate Narcotics Anonymous
9/10/97- Certificate Advanced Electronic Typing Review
8/20/97- Certificate Bookkeeping/Recordkeeping
8/20/- Certificate General Business
6/25/97- Certificate Intermediate Typing
11/22/96- High School Diploma

Negative in-custody behavior: Guilty findings for:
2/13/14- RVR 3005 (d)(1)- Threats of Force or Violence against a P/O
3/1/13- RVR 3041(a)Refusing to Obey a Direct Order
6/20/14- 128 A (Counseling Chrono)
12/27/13- 128 A (Counseling Chrono) 3005(a) Disruptive Behavior which could lead to violence
10/27/12- RVR 3005 (b) Disobeying a Direct Order
5/4/09- RVR 3005 ( c) Willfully Obstructing a P/O
4/17/09- RVR 3005 ( c) Willfully Obstructing a P/O
8/12/08- RVR 3005 (b) Disobeying an Order
5/9/08- RVR 3005 (a) Disruptive Behavior Resulting in the Use of Force
3/10/08- RVR 3041(b) Refusal to Report to Job Assignment
11/2/07- RVR 3005 Refusing a Direct Order
8/7/06- RVR 3005(c ) Mutual Combat
1/16/01- RVR 3005 ( c) Mutual Combat
8/6/00- RVR 3005 (a) Disruptive Behavior
12/9/06- 128-A (Counseling Chrono) Bizarre Behavior
2/16/01- 128-A (Counseling Chrono) 3041 (A) Performance
2/28/96- 128-A (Counseling Chrono)
7/22/93- 128-A (Counseling Chrono)
4/19/92- 128-A (Counseling Chrono)

Threat to the safety of staff, inmates, and public:
"S" actions were serious in nature and should not be taken lightly. Committee believes, "S" would pose more of a risk than other inmates with similar case factors if placed in an MSF due to the following reasons: The "S" commitment offense of PC187 Murder 2nd[05], PC245(a)(2)[01] Assault with a Firearm & PC187(664)[03] Attempted Murder 1st shows great violence and other acts disclosing a high degree of cruelty, viciousness and callous for lack of human life. His actions caused death of another human being. The crime was carried out in a manner in which shows, sophistication, professionalism and a lack of respect for human life.

Although much time has passed since this crime was committed, "S" has made efforts to rehabilitate by demonstrate positive behavior by volunteering in self-help programs, such as 'anger management, 'alternative to violence', Narcotics anonymous and earning certificates from Vocational programs. It was explained to the "S" that he should continue his positive programing and continue to attend programs that will benefit his level of care.

Based on the aforementioned, it is the belief of this committee that this VIO should remain affixed and "S" be permanently excluded from MSF. "S" should continue his mandatory minimum PS of 19. The "S" was advised of the importance and availability of self-help programs available through the

Inmate Self-Assessment Guide and to continue his positive programing and continue to attend programs that will benefit his level of care.

(CELL STATUS REVIEW)
"S" disciplinary history/ERMS file was screened for single cell housing needs (i.e. history of in-cell violence/assaultive or predatory behavior toward a cell partner or in-cell victimization concerns) and does not meet the criteria. "S" is DOUBLE CELL/DORM LIVING approved, was informed of the Integrated Housing Program, and is Racially Eligible IHC: R/E.

(DDP HOUSING)
Pursuant to the Clark Remedial Plan, "S" case was reviewed for a history of sexual and/or predatory behavior against weaker individuals. "S" is not deemed to be a predator and is clear to house in a cell with a DDP inmate(s).

(MEDICAL CASE NOTES)
"S" medical Chrono's, SOMS, and MCC dated 2/14/2022
(Full Duty/ Medium Risk/ No Cocci Restrictions)
MHSDS: EOP
DDP: NCF
DPP: None

"S" documented Durable Medical Equipment: Glasses Frames.
"S" has no work restrictions noted.

(COMMITTEE'S DECISION)
Case factors have been reviewed and after careful consideration, Committee elects to PS REMAINS AT 0 WITH A MMS 19 (VIO AD), CONTINUE MEDA CUSTODY, CONTINUE WG/PG A1/A EFF: 3/27/2014, CPP, RE-AFFIRM W/L, FHC, DOUBLE CELL/DORM LIVING /DDP HOUSING APPROVED, IHC: R/E, AND TABE: 5.4. EFFECTIVE COMMUNICATION ESTABLISHED. CCI M. VELASCO WAS ASSIGNED AS A STAFF ASSISTANT.

Committee notes, "S" participated in Committee, stated he understood all actions and agreed with Committee's decision. "S" was advised of his right and the method to appeal this committee's decision

ADDITIONAL COMMITTEE MEMBERS:
Mental Health- Dr. J. Hauser

| RECORDER | | |
|---|---|---|
| M. Ilizaliturri | ⊘ | |
| | | 04/12/2022 |
| | | Date |

| CHAIRPERSON | | |
|---|---|---|
| J. Davies | ⊘ | |
| | | 04/12/2022 |
| | | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono

**SCANNED**

| | |
|---|---|
| **Petitioner Name** | *For Court Use Only* |
| Jermaine J. Dunlap | 2019 SEP 27 AM 11: 24 |
| CDCR # (if applicable): E-90196 | CLERK/ADMINISTRATOR |
| **Institution Name (if applicable)** | DEPUTY |
| Richard J. Donovan Correctional Facility | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>RANCHO CUCAMONGA DISTRICT |
| Street Address | |
| 480 Alta Road | SEP 27 2019 |
| City: San Diego        State: California | BY _____ |
| Zip: 92179 | ERIKA ALBITER, DEPUTY |
| Attorney Name (if applicable) Gene Bristoll | |
| State Bar No: | |

| | |
|---|---|
| **Superior Court of California, County of** San Bernardino Fontana District | **Superior Court Case Name** |
| Street Address: 17780 Arrow Boulevard or 351 N. Arrowhead Avenue, San Bernardino, Ca 92415 | People of the State of California |
| Mailing Address: 17780 Arrow Boulevard | v. |
| City, State, Zip: Fontana, Ca 92335 | Jermaine J. Dunlap |
| Branch Name: Fontana District | **Superior Court Case Number** #SCR52789 |
| | Year of Conviction: 6-19-90 |

| | |
|---|---|
| **PETITION FOR RESENTENCING**<br>(Penal Code § 1170.95) | *For Court Use Only* |
| | Date: |
| | Time: |
| | Department: |

I, _____Jermaine Joseph Dunlap_____, declare as follows:

☑ **1.** A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

☑ **2a.** At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine;

**OR**

☑ **2b.** I pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine.

☑ **3.** I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code § § 188 and 189, effective January 1, 2019.

*Note:  Box 1, Box 2a or 2b, and Box 3 must all apply in order to be resentenced under Penal Code § 1170.95.*

☑ **4.** I request that this court appoint counsel for me during this re-sentencing process.

☐ **5. (If applicable)** I was convicted of 1st degree felony murder and I could not now be convicted because of changes to Penal Code § 189, effective January 1, 2019, for the following reasons (<u>all must apply</u>):

☐ I was not the actual killer.

☐ I did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree.

☐ I was not a major participant in the felony **or** I did not act with reckless indifference to human life during the course of the crime or felony.

☑ The victim of the murder was **not** a peace officer in the performance of his or her duties, **or** I was not aware that the victim was a peace officer in the performance of his or her duties and the circumstances were such that I should not reasonably have been aware that the victim was a peace officer in the performance of his or her duties.

☑ **6. (If applicable)** I was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019.

PETITION FOR RE-SENTENCING PENAL CODE § 1170.95 (SB 1437)<br>WWW.RESTORECAL.ORG

10/18v5

☐ 7.  **(If applicable)** There has been a prior determination by a court or jury that I was not a major participant and/or did not act with reckless indifference to human life under Penal Code § 190.2(d).  Therefore, I am entitled to be re-sentenced pursuant to § 1170.95(d)(2).

☑ 8. I have mailed a copy of this Petition to the following:

☑ Office of the District Attorney                    ☐ Office of the Public Defender

County of _San Bernardino District Attorney_       County of _San Bernardino_

_303 West 3rd Street 6TH Floor_                     _303 W. 3rd ST Ground Fl._
[Street Address]                                    [Street Address]

_San Bernardino, Ca 92415-0502_                    _San Bernardino, Ca 92415·0008_
[City, State, Zip]                                  [City, State, Zip]

                                                              OR

                                                   ☐  _Gene Bristoll_
                                                   [Trial Attorney Name]

                                                      _Not available_
                                                   [Firm Name]

                                                      _Not available_
                                                   [Street Address]

                                                      _Not available_
                                                   [City, State, Zip]


declare under penalty of perjury that the above is true except as to that stated on information or belief or hat which is a legal conclusion and as to those, I believe them to be true.

Signature: _Jermaine Joseph Dunlap_

Name [Printed]: _Jermaine Joseph Dunlap_

Date: _9·12·19_

COUNTY OF SAN BERNARDINO SUPERIOR COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:      WHCJS1900397                    DATE:  10/01/19

CASE TITLE:   IN THE MATTER OF JERMAINE J. DUNLAP

------------------------------------------------------------------------
DEPT: S20 10/01/19 TIME:  8:30
Hearing Re: Petition for Writ of Habeas Corpus
------------------------------------------------------------------------

COMPLAINT TYPE: WHC

---

 GREGORY S TAVILL, JUDGE

Clerk: SYLVIA RAMIREZ

Not reported

-

APPEARANCES:

No appearance.

-

PROCEEDINGS:

-

The Court having read and considered the Petition for Writ of Habeas
Corpus rules as follows:

Petition Denied

See written ruling for Court Findings.

Order signed this date.

-

Notice given by Judicial Assistant

Correspondence coversheet generated to mail Minute Order/Court Order
to counsel of record.

-

Action - Complete

=== MINUTE ORDER END ===

=== MINUTE ORDER END ===

## APPELLATE DEFENDERS, INC.
### 555 WEST BEECH ST.
### SUITE 300
### SAN DIEGO, CA 92101

---

**Telephone: (619) 696-0282**
**Automated Attendant: (619) 696-0284**
**Fax: (619) 696-7789**

www.adi-sandiego.com

February 13, 2020

Mr. Jermaine Dunlap, **E90196**
R.J. DONOVAN CORRECTIONAL FACILITY
480 Alta Road
San Diego, CA 92179

RE:  *People v. Jermaine Dunlap*
     Court of Appeal No. E074539

Dear Mr. Dunlap:

I am an attorney at Appellate Defenders, Inc., the non-profit law firm which assists indigent criminal appellants with cases in the Fourth District Court of Appeal. Your case came to my attention when I reviewed the notice of appeal you prepared on January 15, 2020. Enclosed please find a copy of this document.

The clerk's minutes from the January 9, 2020 hearing show that the court never made a substantive ruling on your case at that hearing. Instead, the court continued the matter until January 31, 2020. Enclosed please find a copy of this minute order. At that January 31st hearing, the matter was continued again until March 6th. Also enclosed is a copy of this more recent minute order. At the 1170.95 consideration, you are to be represented by Deputy Public Defender Kelton Tobler. I have enclosed his contact information with this letter. You may call Mr. Tobler, by collect call at: 909-948-4669.

At this point, with the filing of the premature notice of appeal, unfortunately, the trial court no longer has jurisdiction to hear your case. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916.) This is because you case is now pending in the Court of Appeal. So, the court cannot now rule on the pending section 1170.95 action.

I spoke with Mr. Tobler at the end of January and again today about the pending appeal, and the fact that the pending appeal now removes jurisdiction of the case from the trial court. He knows I am sending you this letter with a proposal to dismiss the currently pending appeal.

I urge you to dismiss the appeal so that the trial court can then rule on the

*People v. Jermaine Dunlap*
Court of Appeal No. E074539
February 13, 2020
Page 2

petition for resentencing.  The dismissal order is a permanent ruling and the case cannot be restarted after it is dismissed.  But here, you can start a <u>new</u> appeal if you do not agree with the trial court's ultimate ruling.  You can simply file a notice of appeal from that hearing.

Enclosed please find paperwork appropriate to dismiss the appeal.  Once the appeal is dismissed, the trial court will have jurisdiction to consider your Penal Code section 1170.95 petition.  If you want to pursue this action: dismiss the appeal so the trial court has jurisdiction to rule on the Penal Code section 1170.95 petition, please sign and date the enclosed form and return it to me.

I look forward to receiving your response.

Sincerely,

Cindi B. Mishkin
Staff Attorney
APPELLATE DEFENDERS, INC.

cc:     Mr. Kelton Allen Tobler
        San Bernardino Public Defender's Office
        9411 Haven Ave.
        Rancho Cucamonga, CA 91730

# The State Bar of California

**Kelton Allen Tobler #152262**

**License Status: Active**

Address: San Bernardino County Public Defender, 9411 Haven Ave, Rancho Cucamonga, CA 91730

County: San Bernardino County

Phone Number: (909) 476-2216

Fax Number: Not Available

Email: ktobler@pd.sbcounty.gov

Law School: Brigham Young Univ J Reuben Clark LS UT; UT

**Below you will find all changes of license status due to both non-disciplinary administrative matters and disciplinary actions.**

| Date | License Status | Discipline | Administrative Action |
|------|----------------|------------|----------------------|
| **Present** | Active | | |
| **5/13/2013** | Active | | |
| **1/1/2013** | Inactive | | |
| **6/5/1991** | Admitted to The State Bar of California | | |

**Additional Information:**

- Explanation of licensee status
- Explanation of disciplinary system
- Explanation of disciplinary actions
- Copies of official licensee discipline records are available upon request

**CLA Sections:**       None

California Lawyers Association (CLA) is an independent organization and is not part of The State Bar of California.

© 2020 The State Bar of California

## 4th Appellate District Division 2

Change court ∨

*Court data last updated: 05/20/2020 01:05 PM*

| Case Summary | Docket | Briefs | Scheduled Actions |
|---|---|---|---|
| Disposition | Parties and Attorneys | Trial Court | |

## Docket (Register of Actions)

The People v. Jermaine Dunlap
Case Number E074539

| Date | Description | Notes |
|---|---|---|
| 01/24/2020 | Notice of appeal lodged/received (criminal). | dtd Jan 21, 2020; Jermaine J. Dunlap |
| 01/27/2020 | Filed letter from: | ADI dtd Jan 24, 2020 re appointment of counsel |
| 01/27/2020 | To court. | ltr dtd Jan 24, 2020 re appt of counsel |
| 03/12/2020 | Abandonment of appeal filed in trial court. | |
| 03/12/2020 | Case complete. | |

Click here to request automatic e-mail notifications about this case.

© 2020 Judicial Council of California

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
Rancho Cucamonga District, 8303 Haven Avenue, 1st Floor,
Rancho Cucamonga, CA 91730-3848
San Bernardino, Ca 92415-0063
909-384-1888

MAR 16 2020

PEOPLE OF THE STATE OF CALIFORNIA
PLANTIFF AND RESPONDENT
Vs.

Jermaine Dunlap

Case No.  FVA10680 / E# 074539

### CLERK'S NOTIFICATION OF FILING NOTICE OF ABANDONMENT OF APPEAL
### (California Rules of Court, Rule 8.316)

In accordance with Rule 8.316(c)(1) , of the California Rules of Court, you are hereby notified that on 03/02/2020, a NOTICE OF ABANDONMENT OF APPEAL was filed in the aforementioned case.

The notice of abandonment of appeal has been forwarded to the Court of Appeal.

DATED: 3/10/20                          BY: _____
                                             Gustavo Miramontes, Deputy Clerk

I hereby declare that I am over the age of 18 years, employed in the County of San Bernardino, State of California, and not a party to nor interested in the above-mentioned case.  I am a Deputy Clerk of the said Superior Court and on the date shown below, I mailed a copy of the "Clerk's Notification of Filing of Abandonment of Appeal" by mailing in an envelope to the interested party for collection and mailing this date, following ordinary business practices.

ATTORNEY GENERAL                         APPELLATE DEFENDERS INC.
DEPARTMENT OF JUSTICE                     555 WEST BEECH ST, STE 300
600 W. BROADWAY, STE 1800                SAN DIEGO, CA 92101
SAN DIEGO, CA 92101

At the time of said mailing, there was a regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2020, at Rancho Cucamonga, California.

BY: _____
    Gustavo Miramontes, Deputy Clerk

CLERK'S NOTIFICATION OF FILING OF ABANDONMENT OF APPEAL



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
Rancho Cucamonga District
8303 Haven Avenue
Rancho Cucamonga, CA 91730
www.sb-court.org

# MINUTE ORDER

Case Number: SCR52789                                          Date: 1/9/2020

Case Title: People of the State of California vs. JERMAINE DUNLAP

| Department R14 - Rancho Cucamonga | Date: 1/9/2020 | Time: 8:30 AM | Petition for Resentencing Pursuant to PC1170.95 |
|---|---|---|---|

Charges:  PC187(A)-F, PC12022.5(A)-E, PC12022.5(A)-E, PC245(A)(2)-F, PC664-PC187(A)-F2

Judicial Officer: Mary E Fuller
Judicial Assistant: Sherri Scott
Court Reporter: Tricia Chamberlain
Bailiff: I Willis

## Appearances

District Attorney Bobbie Mann present
Public Defender Joy Hlavenka present
Defendant not present in custody (State Prison)

## Proceedings

The People inform the Court that case FVA10680 and SCR52789 are one and the same case but it is unclear as to why there are 2 different case numbers.
The Court orders all proceedings to continue under case FVA10680.

Matter continued by stipulation to have defendant present.
Defense counsel to prepare transport order

## Hearings

Petition for Resentencing Pursuant to PC1170.95 set for 1/31/2020 at 8:30 AM in Department R14 - Rancho Cucamonga
Defendant ordered to appear.

## Custody Status

Case Custody - State Prison

== Minute Order Complete ==



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**Rancho Cucamonga District**
**8303 Haven Avenue**
**Rancho Cucamonga, CA 91730**
**www.sb-court.org**

# PORTAL MINUTE ORDER

Case Number: FVA10680                                                    Date: 1/31/2020

Case Title: People of the State of California vs. JERMAINE DUNLAP

| Department R14 - Rancho Cucamonga | Date: 1/31/2020 | Time: 8:30 AM | Petition for Resentencing Pursuant to PC1170.95 |
|---|---|---|---|

Charges:  PC187(A)-F, PC12022.5(A)-E, PC12022.5(A)-E, PC245(A)(2)-F, PC664-PC187(A)-F2

Judicial Officer: Mary E Fuller
Judicial Assistant: Sherri Scott
Court Reporter: Gail Greenlee
Bailiff: I Willis

**Appearances**

District Attorney Bobbie Mann present
Public Defender Kelton Tobler present
Defendant not present  (presence waived)

**Proceedings**

**Hearings**

Petition for Resentencing Pursuant to PC1170.95 set for 3/6/2020 at 8:30 AM in Department R14 - Rancho Cucamonga
Defendant's presence waived.

**Custody Status**

**== Minute Order Complete ==**

1
2
3
4
5
6
7
8                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
10                        FOR THE COUNTY OF SAN BERNARDINO
11
12   PEOPLE OF THE STATE OF CALIFORNIA,          )   Court of Appeal No.
                         Plaintiff               )   E074539
13                                               )
                                                 )   Superior Court No.
14   v.                                          )   NO. SCR52789/FVA10680
                                                 )
15                                               )   NOTICE OF
     JERMAINE DUNLAP,                            )   ABANDONMENT;
16                 Defendant and Appellant.      )   REQUEST FOR DISMISSAL
                                                 /
17
18   TO THE SUPERIOR COURT AND ALL PARTIES OF RECORD:

19          Pursuant to rule 8.316(a) & (b)(1) of the California Rules of Court, and after

20   communicating about the matter with counsel, appellant Jermaine J. Dunlap abandons his

21   appeal in the above-entitled case.

22          Appellant respectfully requests that the court dismiss this appeal.

23
24
25   Dated: March 10, 2020
26                                  Cindi B. Mishkin, STATE BAR NO. 169537
27
28

# COURT OF APPEAL FOR THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,  ) <br> Plaintiff and Respondent,  ) <br> ) <br> v.  ) <br> ) <br> JERMAINE J. DUNLAP,  ) <br> Defendant and Appellant.  ) <br> ) <br> _____ ) | Court of Appeal <br> No. E074539 <br><br> Superior Court <br> No. SCR52789/FVA10680 <br><br> NOTICE OF ABANDONMENT <br> OF APPEAL;  REQUEST <br> FOR DISMISSAL |

TO THE COURT OF APPEAL AND ALL PARTIES OF RECORD:

Pursuant to rule 8.316 of the California Rules of Court, and after communicating about the matter with counsel, appellant Jermaine J. Dunlap abandons his appeal in the above-entitled case.

Appellant respectfully requests that the court dismiss this appeal.

Dated: _2·20·2020_

Jermaine J. Dunlap, APPELLANT

Dated: _05/24/2020_

Cindi B. Mishkin, STATE BAR NO. 169537



# SAN BERNARDINO COUNTY

# OFFICE OF THE PUBLIC DEFENDER

# PROOF OF SERVICE

STATE OF CALIFORNIA           )
                                     ) ss.   **JERMAINE DUNLAP SCR52789**

COUNTY OF SAN BERNARDINO   )

I,   Sarah Amouri say:

That I am employed in San Bernardino County and not a party to the within action; that my business address is 8303 Haven Avenue, Third Floor, Rancho Cucamonga, CA, 91730.

That I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; inter-office mail used by the County of San Bernardino; facsimile transmission of correspondence; and service by personal delivery;

That on September 27, 2019, I served the within:
**PETITION FOR RESENTENCING**
on interested parties by providing a copy thereof by:

    ( )    depositing a copy thereof, enclosed in a sealed envelope for collection by United States mail

    ( )    depositing a copy thereof, enclosed in an inter-office envelope for collection by the County Inter-Office Mail Service

    ( )    facsimile transmission

    (X)    personally delivering

addressed as follows:

| COUNTY OF SAN BERNARDINO<br>District Attorney's Office, Rancho<br>Division<br>8303 N. Haven Ave., 4th Floor<br>Rancho Cucamonga, CA 91730 | SUPERIOR COURT OF CALIFORNIA<br>County of San Bernardino<br>Rancho Cucamonga District<br>8303 North Haven Avenue<br>Rancho Cucamonga, CA 91730 |
|---|---|

I certify under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at Rancho Cucamonga, California, on September 27, 2019.

Sarah Amouri, Office Assistant

## PROOF OF SERVICE BY ELECTRONIC SERVICE &
## SERVICE BY U.S. MAIL

Case Name: ***People v. Jermaine J. Dunlap***
Court of Appeal No. **E074539**
Superior Court No. **SCR52789**

     I, Freida Aguilar,  declare that I am over 18 years of age, employed in the County of San Diego, and not a party to the instant action.  My business address is 555 West Beech Street, Suite 300, San Diego, California 92101-2939.  My email address is eservice-court@adi-sandiego.com.

     I served the attached **Notice of Abandonment; Request for Dismissal** as follows:

**UPS/USPS:** I placed true copies of the Notice of Abandonment of Appeal in a sealed envelope, with the correct postage, and deposited them in the United States Postal Service on March 10, 2020 addressed to each of the following persons:

San Bernardino Superior Court
Attn: Gustavo
8303 Haven Ave.
Rancho Cucamonga, CA 91730

Mr. Jermain J. Dunlap, #E90196
Richard J. Donovan Correctional
Facility (RJD)
480 Alta Road
San Diego, CA 92179

**ELECTRONIC SERVICE (TRUEFILING):** I served the **Notice of Abandonment; Request for Dismissal**  via TrueFiling service on March 10, 2020.

Attorney General
(SDAG.Docketing@doj.ca.gov)

Court of Appeal
(https://tf3.truefiling.com)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This declaration was executed at San Diego, California, on March 10, 2020.


            _/s/ Freida Aguilar____
            (Signature)
            Freida Aguilar

**BOARD OF PAROLE HEARINGS**
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



# NOTICE OF SUBSEQUENT SUITABILITY HEARING

| | |
|---|---|
| **Inmate Name:** | DUNLAP, JERMAINE |
| **CDC#:** | E90196 |
| **Institution:** | Richard J. Donovan Correctional Facility |
| **Type:** | Subsequent Suitability Hearing #4 |
| **Date:** | 06/16/2022 |
| **Time:** | 10:30 AM |
| **Location:** | Richard J. Donovan Correctional Facility |

HC-001

7. Ground 2 or Ground _____ (if applicable):

THERE ARE FOUR OF THE FIRST Eight Amendments GUARANTEE Rights FOR The Criminally accused. The Designers of The Constitution placed GREAT Emphasis on criminal Rights BECAUSE They have GROWN To despise The Abusive PRACTICE of BRitish Criminal procedure. AS A Result of Their Concerns, The FOURTH Amendment PROTECTS Petitioner From UNReasonable searches And PREScribes The Procedures by which Law ENFORCEMENT OFFicials Can obtain SEARCH WARRANTS.

a. Supporting facts:

These QUALIFICATIONS noted, The Criminal PROCESS begins with The PROCESS of Law ENFORCEMENT OFFicials To a Suspected violation of a STATE OR Federal Law. Many Scholars and Lawyers Consider This PART OF The process To be of The UTMOST Importance. The WAY Police Conduct Their Investigation and Gather Evidence affects all subsequent decisions made by Lawyers, Judges, And Juries. The Police are also crucial actors because of The Conflicting Roles Society ask Them To play. The Criminal Justice System Expect Police OFFICERS To act Lawfully, within The Confines of The Constitution. We do not WANT Them To break down people Doors and SEARCH HOUSES WITH NO PROPER CAUSE, NOR Do anyone WANT Police OFFICERS Lawyers, Judges, And Juries To Single out people For special OR ILL Treatment Based on Their RACE, gender, OR Ethnicity. BUT Society also Expects Effective Law Enforcement, The Police Having Some, Though limited discretion To Detain and Apply The Laws. Law Enforcement OFFicials must understand The Rules well enough To act With NOT Violating Them, BECAUSE when They make mistakes, The Consequence Can be ENORMOUS. The Supreme CouRT has long Recognized That The Right OF ASSOCIATION is Implicit in The FiRST Amendment Freedom of PRESS, assembly And Petition.

b. Supporting documents:

ABSTRACT OF Judgement ; Disposition RECORD TYPE : COURT INITIATED ; JUDGEMENT·COMMITMENT ; INFORMATION SUMMARY CASE Number SCRS2789/F0070505 Information ARRAIGNMENT ; BUT THis objection TO THe Subpoena does NOT GO TO THe VALIDITY OF THe order Remanding The Petitioner which is Therefore, A WRIT OF HAbeas CORPUS is NOT A WRIT of ERROR, And The ORDER TO be ENTERED ☒ THEREON is FOR A discHARGE OR A Remand To CUSTODY. BUT in THe CASE AT BAR The HAbeas Corpus STATUTE, REV. STAT. § 761 ;

c. Supporting cases, rules, or other authority:

A PROcedure USE by The COURT OF CHANCERY To REFER To difficult Legal Questions To A Common Law COURT. English Law. An Appeal FRom A magistRates' COURT To The DIvisional COURT OF Queen's Bench on a point of CRIMINAL Law. A Party's PRoduction of Enough Evidence TO allow The Fact TRIER To infER The Fact at issue and Rule in The Party's FAVOR.⟨PRIMA Facie CASE⟩ RumsField V. FORUM FOR Academic and Institutional Rights, Inc. (2006) 547 U.S. 47 ; WEST Virgina STATE Board of Education V. BARnette (1943) 319 U.S. 624 ;

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes   ☐ No   If yes, give the following information:

 a. Name of court ("Court of Appeal", or "Appellate Division of Superior Court"):

   COURT OF APPEAL OF CALIFORNIA FOURTH APPELLATE DISTRICT DIVISION TWO

 b. Result: Appointed Appellate Attorney filed Wende Brief   c. Date of decision:   April 1992

 d. Case number or citation of opinion, if known:   APPELLATE COURT # E022467

 e. Issues raised: (1)   Wende Brief   (Plea Agreement withdrawal)

    (2)   Wende Brief   (Breach of Agreement) "No Arguable Issues"

    (3)   Wende Brief   (Good Behavior Credit §2931 PC 1170)

 f. Were you represented by counsel on appeal? ☒ Yes   ☐ No   If yes, state the attorney's name and address, if known:
   The COURT GRANTS or Denial of An Authorization To file A second or successive
   Application Cannot Be Topic of A Rehearing motion For Consideration.

9. Did you seek review in the California Supreme Court? ☒ Yes   ☐ No   If yes, give the following information:

 a. Result:   Appointed Appellate Appeals Attorney   b. Date of decision: Oct, 1991

 c. Case number or citation of opinion, if known: Supreme Court of Appeal CASE Number # SCR52789/
   F0070505 OF The SUPERIOR COURT

 d. Issues raised: (1)   LATE NOTICE of APPEAL

    (2)   Filed CERTIFICATE of Late NOTICE

    (3)   Withdrawal From Plea

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on
    appeal, explain why the claim was not made on appeal. (See In re Dixon (1953) 41 Cal.2d 756, 759):
   Petition For resentencing Pursuant To 1170.95 Set For 1-31-2020 at 8:30 A.M.
   in Department R-14 Rancho Cucamonga. Department Defendant ORDER TO
   Appear. minute order, PortQi minute order waived. Notice of Appearance of Claims.

11. Administrative review:
 a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
    administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Dexter (1979) 25
    Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:
   Prior To En Bank Consideration The Executive Office shall Assign A deputy
   Commissioner or chief investigator To Complete A Background Investigation and
   Submit a written Report. In All CASES Referred To The Board For Investigation
   By The GOVERNOR. The Full Board shall Consider The Recommendation To be
   made by The GOVERNOR Regarding Pardon And/or Certificate of
   Rehabilitation. The Recommendation of A majority of The Full Board shall
   Be Board's Recommendation To The GOVERNOR, IF The CASE is Referred by
   a Hearing Panel. The COURTS ARE in The mist of The Hearings, of The
   GOVERNOR And The SUPERIOR COURTS And Districts.

 b. Did you seek the highest level of administrative review available?   ☐ Yes   ☒ No
    Attach documents that show you have exhausted your administrative remedies. (See People v. Duvall (1995) 9 Cal.4th 464,
    474.)

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or
    issue in any court, including this court? (See In re Clark (1993) 5 Cal.4th 750, 767-769 and In re Miller (1941) 17 Cal.2d 734, 735.)
    ☐ Yes   If yes, continue with number 13.   ☒ No   If no, skip to number 15.

13 a. (1) Name of court: *SUPERIOR COURT OF CALIFORNIA, County OF SAN Bernardino*

(2) Nature of proceeding (for example, "habeas corpus petition"): *WRit of Habeas Corpus petition*

(3) Issues raised: (a) *Request Resentencing*

(b) *Certificate of Rehabilitation*

(4) Result (attach order or explain why unavailable): *WHCBB 2200150 "Unable To Copy"*

(5) Date of decision: *MAY 16, 2022*

b. (1) Name of court: *U.S. District Court District of Columbia (WASHINGTON DC)*

(2) Nature of proceeding: *motion FoR Leave To Proceed IN FORMA PAVPERIS*

(3) Issues raised: (a) *Conviction*

(b) *Sentence and Demands his release From custody.*

(4) Result (attach order or explain why unavailable): *Civil Docket FoR CASE #: 1:22-CV-01095-UNA*

(5) Date of decision: *MAY 6, 2022*

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
*Petition For Resentencing Pursuant To 1170.95 Set For 1-31-2020 AT 8:30 AM in Department R-14 Rancho Cucamonga Defendant ordered To Appear. ATTempt To petition Two Different Courts And Appeal established.*

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)
*Individual's who have Been Convicted of A Crime And ARe currently remanded in California may Apply FoR Clemency, (Reduction of Sentence): Covered AS Covenate Jermaine. Withdrawal From additional ARRAignments.*

16. Are you presently represented by counsel? ☐ Yes ☒ No   If yes, state the attorney's name and address, if known:
*IF The COA Issues, The Appeal Proceeds AS A Pro se Civil Appeal. Upon Docketing The Notice of Appealable And it Cannot Be Topic of A Petition FoR Rehearing, motion FoR Reconsideration.*

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes ☐ No   If yes, explain:
*This Court Grant or Denial of An Authorization To file A second or Successive Application is not Appealable And it cannot Be The Topic of A Petition For Rehearing, motion FoR Recommendation.*

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
*This is if COA Issues, The Appeal Proceeds AS A Pro se Civil Appeal. upon docketing The Notice of Appeal The Clerk office shall mail To Appellate Instructions.*

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *6-14-2022*

▶ _____
(SIGNATURE OF PETITIONER)

IN THE CALIFORNIA COURT OF APPEAL

THE FOURTH APPELLATE DISTRICT

DIVISION TWO

PRO Se PARTY

Jermaine Joseph Dunlap

PETITIONER,

VS.

IN THE COUNTY OF SAN Bernardino
SUPERIOR COURT; AND
WARDEN OF RJD Correctional Facility

RESPONDENTS,

CASE NUMBER#

MOTION FOR MODIFICATION
OF SENTENCE AND CIVIL
MONTARY COMPENSATION;
PENAL CODE §1170(D)(e)
A Physiological And
Psychological Requirement.
THE AMICUS CURIEE BRIEF.

To THE Honorable Judge of The CALIFORNIA COURT OF
Appeal IN THE FOURTH APPELLATE DISTRICT, Division TWO, The
Petitioner in The Above-entitled matter and The Petitioner
herein and moves This Honorable COURT FOR an ORDER
modifying The Sentence Imposed and Civil Monetary compensation
in The Above Entitle Cause on The Fourteenth day OF THE
Month June of 2022 year.

In SUPPORT OF This motion, Petitioner sets Forth The
Following Arguments or Issues upon which he would
urge The COURT To modify Said Sentence And Compensation:
(I)

On January 7, 1991, The Petitioner Was Convicted by acceptance of a
plea of Second degree murder (Pen. Code, §187, Subd (a) With Personal use
of A Firearm (Pen. Code, §12022.5, Subd. (a)), assault with a Firearm (Pen.

PLEADING TITLE - 1

(1)

1  Code, §245, subd, (a)(a) with Personal use of a Firearm (Pen.Code, §12022.5,
2  subd. (a)), and attempted willful, deliberate, and Premeditated murder
3  (Pen.Code, §§664/187). On February 5, 1991, The Trial Court sentenced
4  Petitioner Pursuant To his plea For a Total Term of 25 years To Life
5  with Parole in STATE Prison.

6       Memorandum, A written Reminder. A written Record or
7  Communication. A manuscript. A Document written by Hand.

8                        ## MEMOIR
9       To Take Issue Forth. The Entire Course of A Judicial
10  Proceeding. To Take legal Action. To Put Through The Steps of
11  A Prescribed Procedure. To Prepare or Convert by Subjecting
12  To Some Special Process. Basic TRUTH or Law. An Ethical
13  Standard.
14       A case That Presents The Court with Issues of LAW That
15  Have Not Previously been decided in That Jurisdiction. A Voluntary
16  Agreement between opposing Parties Concerning some relevant
17  Point < The Plaintiff And defendant Entered into a Stipulation
18  on The Issue of Liability.> A STipulation Relating To a Pending
19  Judicial Proceeding, made by a Party To The Proceeding And/
20  or The Party's Attorney, is Binding without Consideration.

21       Nolo Contendere ( Latin " I do wish To Contend") No
22  Contest, often Shorten To Nolo.

23       A Guilty Plea is usually Part of A Plea Bargain. It
24  must be made Voluntarily, And only After The Accused has
25  been informed of And understands His or Hers Rights. A
26  Guilty Plea ordinarily has The same Effects AS A Guilty
27  Verdict And Conviction After A TRIAL on The Merits.

28       Negotiated Plea, The Plea Agreed To by a Criminal

PLEADING TITLE - 1

defendant and The Prosecutor in A Plea Bargain. Penal code § 850(a) mitigating Circumstances "anomalous plea".

To make or become Less Severe. Having an unknown or withheld name. A Person's Background Et cetera. A main Part In a Scenery. Denoting a verb Form used to Express action Before The Time it is Expressed. To be Ahead or at The Head of.

(I)

## PRIMA FACIE

In Case Number #: WHCSB2200150/SCR52789. THE Court Express The Petition Fails TO STATE A Prima Facie claim For Habeas Relief and is Procedurally barred. THE Court ALSO EXPRESSES ThaT The Petition Case Number #: WHCSB2200090. The Petition also References Senate Bill 1437, which WAS The Subject of The denial order in Case Number #: WHCJS1900397. Where The Court acknowledge That Petitioner Submitted A Copy Of His Probation Report in Connection with CASE Number #: SCR52789/WHCSS1400069.

i) TRUe, VALid, OR Sufficient at First Impression: APPARENT < The Theory, Gives a Prima Facie Solution, Jermaine Joseph Dunlap >. 2) Self-Evident. 3) Legally Sufficient To Establish a Fact or a CASE unless disprove < Prima Facie Evidence >. In FORMA PAUPERIS [IN The Form of a pauper]. A Person destitute of means Except such As Are derived From charity; specified: one who Receives aid From Funds designated For The Poor. Pauperize, To Reduce To Poverty. Paupiette, A Thin slice of meat or fish wrapped Around A Forcemeat Filling.

Media Coverage of medium shelter. To Place Something

PLEADING TITLE - 1

(3)

1  upon, over, or in Front of To Include; encompass. To deal with. Treat of
2  a Judicial Session. A Judge or panel of Judges. A Sovereign's Attendants
3  And Advisers. An Environment, Intermediate in degree, amount, Quantity,
4  or Quality. A means of mass Communication. something midway
5  Between Extremes. A means, Agency's.

6      Airplay. The Broadcast of Record on The Air by A Radio or
7  Television station. A Broadcast of News Events. A Printed
8  Report Giving News or Information To A special Party. A
9  daily or Monthly Publication Containing news, Advertising
10 Et cetera. A short film of Current Event of Public Interest.

11      The Court shall Review The Petition and determine if The
12 Petitioner has made a _Prima Facie_ showing That The Petitioner
13 Walks within The provisions of 1170.95. IF The Petitioner has
14 Requested Counsel, The Court shall appoint Counsel To Represent
15 The Petitioner. The Prosecutor shall File And serve a Response
16 within 60 days of Service of The petition and The Petitioner
17 shall or may File and serve a Reply within 30 days after
18 The Prosecutor Response is served. These Datelines shall be
19 Extended For Good Cause. IF The Petitioner makes A _PRIMA_
20 _FACIE_ showing That He or she is entitled To Relief, The
21 Court shall Issue An Order To Show Cause. _Near_ V.
22 _Minnesota_ (1931) 283 U.S. 697; _New York Times_ V. _United States_ (1971)
23 403 U.S. 713; _Boy scout of America_ V. _Dale_ (2000) 530 U.S. 640; _Branzburg_
24 V. _Hayes_ (1972) 408 U.S. 665; _New York Times_ V. _Sullivan_ (1964)
25 376 U.S. 254

26      (II). _PROPER TO THE Point of AFFECTATION_
27          _THE CONDITION OF BEING PRESENT;_
28          _TO EXHIBIT OR DISPLAY_

PLEADING TITLE - 1

(-1-)

The PRO se PARTY ENTERED into A Plead of Guilty, Nolo Contendere. That is To Put FORWARD A Plea in a COURT OF LAW. TO Appeal EARnestly To argue (a CASE) in a Law COURT. The PRO se PARTY Placed Forth An Appeal and urgent Request. And WAS placed A CALiFORNiA SUPREME COURT OF APPEAl CASE NUMBER OF The SUPERIOR COURT Number # SCR52789/F0070505 And CASE Number of The APPELLATE COURT Number # E022467 By which A STATE Appointed ATTORNEY Filed An Wende BRiEF Which Presents NO ARguable ISsues. To Introduce Formally any MATERial That Forms a Complete Sentence, Quotation: A TOPiC Come up For discussion: Which MonetARY Policy Should be Pursued ? "MonetARY Compensation."

Senate Bill 1437, Accomplice Liability For Felony murder. Section 1170.95 is Added To The Penal Code To Read: A PERSON Convicted of Felony murder may File a petition with The COURT THAT Sentenced The Petitioner To Have The Petitioner's murder Conviction Vacated and To be Resentenced on any Remaining COUNTS when all of The Following Conditions apply:

(1) A Complaint, InFormation, OR IndicTment WAS Filed against The Petitioner THAT Allowed The Prosecution To Proceed under a Theory of Felony murder.

(2) The Petitioner WAS Convicted of Second Degree murder Following a TRial or _accepted a plea_ offer in Lieu of A TRial at Which The Petitioner Could be Convicted For FiRST degree or Second Degree murder.

(3) The Petitioner Could not be Convicted of FiRST OR Second Degree murder because of changes To Section 188 OR 189 Made EFFective January 1, 2019.

And The Petitioner Filed A CERTIFiCATe For Rehabilitation

PLEADING TITLE - 1

1   And PARDON. A Executive clamency; with said sentencing court.
2   A Procedure That is Establish with The Presented Application
3   For Petition Process. Not To Refile A Writ OF Habeas Corpus
4   Petition Pertaining To SB 1437 And Section 1170.95 All over
5   Again. But To Seek A Pardon and/or Clemency.

(III) BEING AT HAND. OF A VERB FORM
EXPRESSING CURRENT TIME.

8   When does The Superior Court or Appellate Court or A State
9   Supreme Court of Appeal Acknowledge The shedding on The Light
10  OF A Prima Facie HAS Been Established And Qualify's For
11  Habeas Relief. Whereforth when Petitioner AS A Pro Se
12  PARTY Has placed Forth The Appropriate Document To Show
13  IN Forma PAUPERIS (IFP), STATUS.

14          THE Rules Governing These Petitions Known AS
15  IN FORMA PAUPERIS BRIEFS ARE Somewhat Looser, Allowing
16  Indigents To Present And Introduce Briefs on 8½°·8½°
17  11 inch Paper. See order To Proceed In District Court Columbia.

18          THE APPELLATANT MUST Pay The $450.00 Filing Fee, Plus
19  a $5.00 Processing Fee, To The Clerk of The District Court
20  When The Notice of Appeal is Filed. No Additional Fee is
21  Charged For The Filing of A COA motion.

22          An Incarcerated Appellant who cannot afford To pay
23  The Fee, To The Clerk of The District Court When The motion
24  For IN FORMA PauPERIS (IFP") STATUS unless The District
25  Court HAS Already Permitted Appellant To Proceed IFP
26  and has not Revoked THAT STATUS. See 28 U.S.C. §1915;
27  FRAP 24;
28          IF The district Court HAS Denied or Revoked IN

PLEADING TITLE - 1

FORMA PAUPERIS, IFP STATUS, STATED THAT "NO APPEAL would
Be Taken in Good Faith," OR STATED THAT The "APPEAL is
Frivolous Pursuant To 28 U.S.C. §1915(d)," The APPELLANT
MUST PAY The Filing Fee OR make a motion in COURT
FOR IN FORMA PAUPERIS, IFP.

     RECALL of Commitment Recommendation Consideration
Factors For Penal Code Section §1170(e)

     Whether There ARE Verifiable Community Resources
Appropriate, Sufficient, And Immediately available To
Provide SUPPORT and sustenance And To MeeT Inmate's /
Prisoner's medical And/OR Psychological needs upon Release.

     Recall of Commitment Processing For Penal Code
Section 1170(e).

     MenTAl Health And Developmental disability STATUS.
MARTinez V. Board of Parole Hearings (2010) 183 Cal. App. 4th
578.; Sabatasso V. SUPERIOR COURT (2008) 167 Cal. App.
4th 791, 797.;

     A CERTIFICATE OF Probable CAuse Was Presented In
THe month OF 2019 And Accepted And GRAnted A STATE
Appointed Appellate ATTORney FebRUARY 13, 2020 FOR COURT
OF APPEAL Number E074539 AFTER Letter NO Communication
OR AVAIL within COURT Procedure Process. See Associated
Generated Letters.; Minute orders And PORTAl minute order
For Two Different Superior Court Petition For WRit OF
HABEAS Corpus Relief.

          (III) A PERIOD OF Time BETWEEN
             PAST AND THE FUTURE;
                EVENTS

PLEADING TITLE - 1

The Petitioner Has Filed A Certificate of Rehabilitation And Pardon With The Governor's office And Sent Copies Of The Application To Proceed in The San Bernardino Attorney General District Attorney Office ; And The San Bernardino Superior Court Of California. That Became unresponsive. However, Pro se PARTY Pursued The Matter At Issue To THE UNITED STATES District OF The DISTRICT OF COLUMBIA (WASHINGTON DC) To Bring Forth Clarity As To WRIT OF HABEAS Relief For executive Clemency And Certificate OF Rehabilitation.

The certificate of Rehabilitation And Pardon Has Several Parts To it : There is Three To Four Prone Petitions To Be done And Sent To The COURT OF Jurisdictional Sentencing. Which WAS done FOR CASE Number SCR52789. In A mental Health Program where The systems procedure is only To Question The Aspect OF An Active Participant into medication. And The memory accessibility Toward whAt WAS Asked And Inquired in the Previous Psychological Consultation. There is no perception of The Psychology science study of mental Processes And Behavior. The Lesson or observance is To Place The client / Patient on Quiet STATUS, AS To The Behavioral Characteristics of An Individual OR PARTY. CRUZAN V. Director, Missouri Department of Health (1990) 497 U.S. 261 ; "The obligation is To define The Liberty of all, not To mandate Each moral Code." obergefell V. Hodges (2015) 576 U.S. The whole Case Cited ;

## DECLARATION

Signature of Jermaine Joseph Dunlap Solemnizing The Ceremony :

PLEADING TITLE - 1

(8)

1  *Jermaine Dunlap*, DATE: _6.14.2022_ . I Declare To make a
2  Solemn declaration upon oath For The Purpose of establishing
3  A Fact (as in a Court). To make Known (A Personal Conviction). To
4  make a Statement Based on Personal Knowledge and Belief:
5  Bear witness on The _Fourteenth_ of The Month _June_ and
6  Year _2022_ . I Jermaine Joseph Dunlap whereforthwith
7  Present as Evidence and Proof To Prove Relating To The
8  Constituting Testimony. Hale v. Henkle (1906) 201 U.S. 43-46, 58;

9       Appellate may not Raise For The First Time on Appeal
10  an Argument For The Exclusion of Evidence That was Not
11  Presented To The Trial Court. People v. Mooc (2001) 26 c4th 1216,
12  1233 nc; 114 CR 2nd 462. See also People v. Diaz (1992) 3 c4th
13  495, 527; 11 CR 2nd 353 (Appellate or Appellant Could not urge
14  Kelly/Frye For First Time on Appeal); People v. Lopez (1978)
15  81 CA 3d 103, 108; 146 CR 165 (objection specifying Wrong Grounds
16  is as Bad As Insufficient General objection).

17       A hearsay objection does not Preserve For Appeal
18  The Argument That admission of The Evidence Violated
19  The defendant's Right To Cross Examine The witnesses under
20  The Sixth And First Amendment To The UNITED STATES
21  CONSTITUTION. People v. Catlin (2001) 26 c4th 81; 138 n 14;
22  109 CR 2d 31. Yates v. U.S. (1957) Decision, The Court
23  Moderated This Rule or Ruling By Allowing such Advocacy in
24  The Abstract, IF Not Connected To Action To Achieve
25  The Goal.

26       Marbury v. Madison (1803) The Court Ruled That Congress
27  Exceeded its Power in The Judiciary Act of 1789; The Court
28  Thus Established its power To Review Acts of Congress And

PLEADING TITLE - 1

1  declare Invalid Those it Found in Conflict with The Constitution.

2      Schenck V. UNITED STATES (1919) The Court Sustained The
3  Espionage Act of 1917, maintaining That Freedom of speech
4  And Press Could be Constrained if The words used Create
5  A clear and Convincing Present of Danger.

6          Wherefore Based on The Foregoing Facts and Circumstances,
7  The Defendant (PRO SC PARTY) Seeks of The Court The Granting
8  of His Petition And/or Motion For Copy of Court
9  Transcript or Record And Claim. And The Certificate of
10 Rehabilitation And Pardon. And To Proceed IN FORMA
11 PAUPERIS.

12

13 COURT OF APPEAL, FOURTH District,
14 Division TWO
15 SUPERIOR COURT Number
16 SCR52789/F0070505/FVA10680

17

18 DATE:  6·14·2022          Signature: _____
19                                    Sermaine J. DUNLAP
                                     Petitioner: PRO SC PARTY

20

21

22

23

24

25

26

27

28

PLEADING TITLE - 1


(10)

**APPELLATE DEFENDERS, INC.**
**555 WEST BEECH ST.**
**SUITE 300**
**SAN DIEGO, CA 92101**

Telephone: (619) 696-0282
Automated Attendant: (619) 696-0284
Fax: (619) 696-7789

www.adi-sandiego.com

May 20, 2020

Mr. Jermaine Dunlap, **E-90196**
R.J. DONOVAN CORRECTIONAL FACILITY
480 Alta Road
San Diego, CA 92179

      RE:   *People v. Jermaine Dunlap*
            Court of Appeal No. E074539

Dear Mr. Dunlap:

     I received your letter dated April 14, 2020, asking about the status of your appellate case – what happened with the abandonment of the premature appeal.

     I apologize for my delayed response. Mail to my office has been significantly delayed during the COVID-19 pandemic. Courts have been closed since March 17, 2020 for all but emergency matters. But happily, they will slowly begin services next week.

     Enclosed please find a copy of the superior court notice to the Court of Appeal that you abandoned the appeal, as well as the Court of Appeal docket indicating the appeal has been abandoned. At this point, your Penal Code section 1170.95 petition can go forward in the superior court. I see a hearing is tentatively set for June 5, 2020. Please contact Mr. Tobler in the future about your case.

                  Sincerely,

                  */s/ Cindi Mishkin*

                  Cindi B. Mishkin
                  Staff Attorney
                  APPELLATE DEFENDERS, INC.

Enclosures
cc:   Mr. Kelton Allen Tobler
      San Bernardino Public Defender's Office
      9411 Haven Ave.
      Rancho Cucamonga, CA 91730

Attorney General                    Court of Appeal, Fourth District,
(SDAG.Docketing@doj.ca.gov)         Division Two via TrueFiling


      I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

      This declaration was executed at San Diego, California, on February
26, 2020.


                                   _/s/ Nicolette Oviedo_
                                   (Signature)
                                   Nicolette Oviedo

## PROOF OF SERVICE BY ELECTRONIC SERVICE & SERVICE BY U.S. MAIL

Case Name: ***People v. Jermaine J. Dunlap***
Court of Appeal No. **E074539**
Superior Court No. **SCR52789**

I, Nicolette Oviedo,  declare that I am over 18 years of age, employed in the County of San Diego, and not a party to the instant action. My business address is 555 West Beech Street, Suite 300, San Diego, California 92101-2939.  My email address is eservice-court@adi-sandiego.com.

I served the attached **Notice of Abandonment: Request For Dismissal** as follows:

**USPS:** I placed true copies of the Notice of Abandonment: Request For Dismissal in a sealed envelope, with the correct postage, and deposited them in the United States Postal Service on February 26, 2020 addressed to each of the following persons:

San Bernardino County Superior
Court
Appeals and Appellate Division
8303 Haven Avenue
Rancho Cucamonga, CA 91730

Jermain J. Dunlap, CDCR# E90196
Richard J. Donovan Correctional
Facility (RJD)
480 Alta Road
San Diego, CA 92179

**ELECTRONIC SERVICE (TRUEFILING):** I served the Notice of Abandonment: Request For Dismissal via TrueFiling service on February 26, 2020.

Attorney General                    Court of Appeal, Fourth District,
(SDAG.Docketing@doj.ca.gov)         Division Two via TrueFiling


     I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

     This declaration was executed at San Diego, California, on February
26, 2020.


                       */s/ Nicolette Oviedo*
                     (Signature)
                     Nicolette Oviedo

## PROOF OF SERVICE BY ELECTRONIC SERVICE &
## SERVICE BY U.S. MAIL

Case Name: *People v. Jermaine J. Dunlap*
Court of Appeal No. E074539
Superior Court No. SCR52789

I, Nicolette Oviedo,  declare that I am over 18 years of age,
employed in the County of San Diego, and not a party to the instant action.
My business address is 555 West Beech Street, Suite 300, San Diego,
California 92101-2939.  My email address is eservice-court@adi-
sandiego.com.

I served the attached **Notice of Abandonment: Request For
Dismissal** as follows:

USPS: I placed true copies of the Notice of Abandonment: Request For
Dismissal in a sealed envelope, with the correct postage, and deposited
them in the United States Postal Service on February 26, 2020 addressed to
each of the following persons:

San Bernardino County Superior
Court
Appeals and Appellate Division
8303 Haven Avenue
Rancho Cucamonga, CA 91730

Jermain J. Dunlap, CDCR# E90196
Richard J. Donovan Correctional
Facility (RJD)
480 Alta Road
San Diego, CA 92179

**ELECTRONIC SERVICE (TRUEFILING): I** served the Notice of
Abandonment: Request For Dismissal via TrueFiling service on February
26, 2020.

1  JASON ANDERSON
   DISTRICT ATTORNEY
2  Bobbie Mann, SBN 212409
   Supervising Deputy District Attorney
3  8303 Haven Avenue, 4th Floor
   Rancho Cucamonga, California 91730
4  Telephone:  (909) 989-0056
   Fax: (909) 786-1111
5

6  Attorneys for the People of the State of California

7

8

9        **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

10  PEOPLE OF THE STATE OF CALIFORNIA,          **CASE NO.   SCR52789**

11                Plaintiff,

12        vs.                                    **NOTICE OF MOTION AND MOTION
                                                 TO STRIKE THE DEFENDANT'S
                                                 PETITION FOR RESENTENCING;**
13  Jermaine J. Dunlap,                          **REQUEST FOR JUDICIAL NOTICE**

14                Defendant.

15                                               **DATE :**  1/9/20
                                                 **TIME :**  8:30 a.m.
                                                 **DEPT :**  R14.
16

17  TO THE COURT, PETITIONER AND HIS COUNSEL OF RECORD:

18        NOTICE IS HEREBY GIVEN that on ___1/9/20___ , at 8:30 a.m., in

19  Department_____, of the above entitled Court, the People of the State of California will

20  move the Court for an order to strike the Petition of the Defendant for resentencing of his

21  judgment which was final on February 5, 1991.[1] Defendant's petition is made pursuant to

22  Penal Code sections 188 and 189, as amended, and added Penal Code section 1170.95,

23  as enacted pursuant to Senate Bill 1437, effective January 1, 2019, which:  a) eliminated

24  the judicially recognized legal construction that imputes the malice necessary for murder

25  on a person based on his or her participation in a crime;  b) limits those who can be

26  prosecuted for first degree felony murder; and, c) provides for resentencing of anyone

27  previously lawfully convicted of first- or second-degree murder but who could not be

28  ─────────────────────────
    [1] Imposition of the sentence is equated with the entry of a final judgement. (*People v. Mora* (2013) 214
    Cal.App.4th 1477, 1482.)

                              - 1 -

    **NOTICE OF MOTION AND MOTION TO STRIKE THE DEFENDANT'S PETITION FOR RESENTENCING**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JERMAINE JOSEPH DUNLAP,            )
                                  )
                    Petitioner,   )
                                  )
          v.                      )          Civil Action No. 22-1095 (UNA)
                                  )
SUPERIOR COURT OF CALIFORNIA,     )
COUNTY OF SAN BERNARDINO,         )
                                  )
                    Respondent.   )

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that petitioner's motion for leave to proceed *in forma pauperis* [2] is

GRANTED; it is further

ORDERED that the petition for a writ of habeas corpus is DENIED WITHOUT

PREJUDICE; and it is

FURTHER ORDERED that this civil action is DISMISSED WITHOUT PREJUDICE.

This is a final appealable Order.

The Clerk of Court shall TERMINATE this case.

SO ORDERED.

DATE: May 6, 2022

2022.05.06
11:51:58 -04'00'

TREVOR N. McFADDEN
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JERMAINE JOSEPH DUNLAP,      )
     )
     Petitioner,      )
     )
v.      )       Civil Action No. 22-1095 (UNA)
     )
SUPERIOR COURT OF CALIFORNIA,      )
COUNTY OF SAN BERNARDINO,      )
     )
     Respondent.      )

## **MEMORANDUM OPINION**

This matter is before the Court on the petition for a writ habeas corpus (ECF No. 1) of Jermaine Joseph Dunlap, a California state prisoner. The assertions set forth in the petition are incomprehensible. That said, by filing a habeas petition the Court presumes that petitioner challenges his conviction and sentence and demands his release from custody.

A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), who ordinarily is the warden of the facility where a petitioner is detained, *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988). And this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). The petition neither names petitioner's custodian as a respondent nor demonstrates that the respondent is in the District of Columbia.

1

The Court will grant petitioner's application to proceed *in forma pauperis* and dismiss his petition without prejudice for want of jurisdiction.  A separate Order accompanies this Memorandum Opinion.

DATE: May 6, 2022

2022.05.06
11:50:23 -04'00'

TREVOR N. McFADDEN
United States District Judge

2

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM

(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

**FORM DSL 290.1**

FILED - Central District
San Bernardino County Clerk

MAR 15 1991

By _Karen Tregea_ Deputy

F0070505

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
**BRANCH** Central Division

COURT I.D. 3,6,199

**PEOPLE OF THE STATE OF CALIFORNIA** versus
**DEFENDANT:** DUNLAP, JERMAINE (001)
**AKA:**

☒ PRESENT
☐ NOT PRESENT

CASE NUMBER

**COMMITMENT TO STATE PRISON**
**ABSTRACT OF JUDGMENT**

**AMENDED**
**ABSTRACT** ☐

SCR52789

| DATE OF HEARING (MO) (DAY) (YR) | DEPT NO | JUDGE | CLERK |
|---|---|---|---|
| 02-05-91 | 9 | Craig S. Kamansky | Bobbi Bullo |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO OR PROBATION OFFICER |
|---|---|---|---|
| Nora Garrigus | K. Relyea | B. Bristol | J. Jorski |

1 DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY COURT PLEA | TRIAL/PLEA | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | PC | 245(a)(2) | Assault w/firearm | 90 | 01 | 07 | 91 | X | M | 3 | 00 |

2 ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022- series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.
For each count list enhancements horizontally. Enter time imposed for each an "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | PC12022.5 | | | | | | | | | | 3 00 |

3 ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each an "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4 OTHER ORDERS:

★SEE INDETERMINATE SENTENCE REPORT

| 5 | TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT) | | |
|---|---|---|---|
| 6 | TOTAL TERM IMPOSED: | 6 | 00 ★ |

7 ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8 EXECUTION OF SENTENCE IMPOSED

A ☒ AT INITIAL SENTENCING HEARING   B ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C ☐ AFTER REVOCATION OF PROBATION   D ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   E ☐ OTHER

| 9 DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | INCLUDING | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|---|
| 02-05-91 | | 349 | | 233 | 116 | ☐ DMH   ☐ CDC |

10 DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT

☐ CALIF. INSTITUTION FOR WOMEN - FRONTERA
☐ (Reception)

☐ CALIF. MEDICAL FACILITY - VACAVILLE
☐ SAN QUENTIN
☐ (Reception)

☒ CALIF. INSTITUTION FOR MEN - CHINO

☐ DEUEL VOC. INST.

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

DEPUTY'S SIGNATURE
Karen Tregea _Karen Tregea_                           March 12, 1991

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under § 1170 Attachments may be used but must be referred to in this document.

Receipt is hereby acknowledged
_Chris Kramer_
MAR 14 1991

Form Adopted by the Judicial Council of California Effective April 1, 1980

## ABSTRACT OF JUDGMENT – COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM

(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

**FORM DSL 290.1**

MAR 19 1991

001295

DISTRIBUTION:   PINK COPY - COURT FILE          YELLOW COPY - DEPARTMENT OF CORRECTIONS          WHITE COPY - ADMINISTRATIVE OFFICE OF THE COURTS

23154751

# DISPOSITION OF ARREST AND COURT ACTION

**RECORD TYPE**
☐ CORRECTION ☒ COURT INITIATED

**TYPE OF EVENT**
☐ FINGERPRINTED FOR DOJ  ☐ ARREST  ☐ CITATION  ☐ LETTER/NOTICE TO APPEAR  ☐ COURT ORDERED BOOKING

## A. LAW ENFORCEMENT INFORMATION

NAME (LAST, FIRST, MIDDLE)
DUNLAP, JERMAINE (001) aka Iceman

| FP CARD/OCA NO. | CII NO. |
|---|---|
| | A08445471 |

| SEX | RACE | HGT | DOB | AGE | ARRESTING AGENCY | BOOKING/CITE NO. | FBI NO. |
|---|---|---|---|---|---|---|---|
| M | BLK | 5-8 | 12/18/71 | | FIALTO PD | 9006301845 | 145986HA? |

| ARREST DATE | BOOKING AGENCY | CRIME REPORT NO. | S.S. NO. |
|---|---|---|---|
| 6/19/99 | SBSO | | 566 39 9525 |

| CHARGE 1 (SECTION, CODE) | TYPE M F | CHARGE 2 (SECTION, CODE) | TYPE M F | IN-COUNTY WARR. NO. | D.L. NO. |
|---|---|---|---|---|---|
| | | | | | A433318 |

| CHARGE 3 (SECTION, CODE) | TYPE M F | CHARGE 4 (SECTION, CODE) | TYPE M F | REMARKS |
|---|---|---|---|---|
| | | | | |

**REASON FOR RELEASE**
849(b)(1) PC
☐ COMPL.REFUSES TO PROS.
☐ ARRESTEE EXONERATED
☐ FURTHER INVEST.
☐ ADMISS.EVID.INSUFF.
☐ ASCERT.EVID.INSUFF.

☐ 849(b)(2) PC
☐ 849(b)(3) PC
☐ OTHER LAW ENFORCEMENT DISPOSITION
(SPECIFY)
☐ JUVENILE DISPOSITION
(SPECIFY)

RELEASED DATE

**OUT-OF-COUNTY WARRANT INFORMATION**
WARRANT NO. | ISSUING AGENCY
FILED - Central District
MAJOR OFFENSE San Bernardino County Clerk    RELEASE DATE
AUG 26 1991
☐ RELEASED ☐ HELD FOR EXTRADITION PROCEEDINGS
☐ RELEASED ☐ RELEASE TO OTHER AGENCY/JURISDICTION
(SPECIFY)

## B. PROSECUTION INFORMATION

| DATE | REASON FOR REJECTION | | | | | | ORIG. COURT JUD. DIST. NUMBER |
|---|---|---|---|---|---|---|---|
| | CHRG 1 | CHRG 2 | CHRG 3 | CHRG 4 | ☐ 1203.2c PC ☐ IN LIEU OF FILING | | |
| | | | | | ☐ REFILED - ORIGINAL CASE DISMISSED | ORIG. COURT CASE NUMBER | |

## C. COURT LOWER COURT

| DATE FILED | L.C. JUD. DIST. NO. | FILE NO. | CONSOLIDATED FILE NO. | TYPE OF TRIAL |
|---|---|---|---|---|
| 6/21/99 | 36480 | FVA10680 | | ☐ COURT ☐ JURY |

| CHRG | FILE LEVEL I M F | FIRST PLEA NG NG-I | FINAL PLEA G NOLO | DISPOSITION CONV DISM | CERT JUV | ACQ | DISPO DATE | CHARGES AND ENHANCEMENTS AT DISPOSITION SECTION/CODE/LITERAL | DISPO LEVEL I M F | HTA/ CERT |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |

## SUPERIOR COURT

**TYPE OF FILING** ☒ INFORMATION ☐ CERTIFICATION ☐ INDICTMENT
**TYPE OF TRIAL** ☐ JURY ☐ COURT ☐ TRANSCRIPT

| DATE FILED | S.C. JUD. DIST. NO. | FILE NO. | CONSC...FIED FILE NO. |
|---|---|---|---|
| 10/26/90 | 36190 | SC252709 | F0070505 |

| CHRG | FILE LEVEL M F | FIRST PLEA NG NG-I | FINAL PLEA G NOLO | DISPOSITION CONV DISM | CERT JUV | ACQ | DISPO DATE | CHARGES AND ENHANCEMENTS AT DISPOSITION SECTION/CODE/LITERAL | DISPO LEVEL I M F | 17 PC |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | X | X | X | X | | | ?/71 | PC187(a) SECOND DEGREE MURDER | | |
| 2 | X | X | X | X | | | ?/7/91 | PC245(a)(2) ASSAULT WITH A FIREARM | | |
| 3 | X | X | X | X | | | ?/7/91 | PC664/187(a) ATTEMPTED MURDER | | |
| 4 | | | | | | | ?/7/91 | PC459 RESIDENTIAL BURGLARY | | |

## D. SENTENCE INFORMATION

| DATE OF SENTENCE | TRUE NAME |
|---|---|
| 2/5/9? | DUNLAP, JERMAINE JOSEPH (001) |

| CHRG | 17 PC X | ISS X | PROB X | JAIL MOS. | DAYS | DAYS SUS | FINE X SUS | X | RSTN DAYS | PAID | JAIL OR FINE COMM | SUS | CONC X | CONS X | VOL WRS X | COSTS X | CYA X | PRISON SENTENCE INFORMATION TOTAL FIXED TERM (ALL COUNTS) YEARS | MONTHS | STAYED INFORMATION (SPECIFY COUNTS) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | 25 YEARS TO LIFE | | | ☐ CONC ☐ CONS | | |
| | | | | | | | | | | | | | | | ☐ SUSPENDED | W/CASE NO. | | | | |

**REMARKS**
f; PD: 0106; 12/7/91 PC245(a)(2) ASSAULT WITH A FIREARM - 2 COUNTS

01801

## E. PROCEEDINGS SUSPENDED

DATE
☐ LC/SC BENCH WARRANT ISSUED
☐ LC/SC DIVERSION
☐ LC/SC 1026 PC - NOT GLTY. INSANE
☐ LC/SC 3050 WI - NARC. COMM.
☐ LC/SC 1368/1370 PC - FOUND MENTALLY INCOMPETENT-COMMITTED
☐ SC 3051 WI - NARC. COMM.
☐ SC 1203.03 PC - 90 DAY OB.
☐ SC 707.2 WI - 90 DAY OB.

Insert name of court, branch court if any, and mailing address

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
351 North Arrowhead Avenue
San Bernardino, CA 92415-0210

| FOR COURT USE ONLY |
| --- |
| **FILED-Central District**
**San Bernardino County Clerk**

**FEB 05 1991**

By _Karen Tregen_ Deputy |

**PEOPLE OF THE STATE OF CALIFORNIA**

**DEFENDANT: DUNLAP, JERMAINE (001)**   [X] Present   [ ] Not Present

[X] **JUDGMENT OF COMMITMENT TO:** [X] STATE PRISON [ ] COUNTY JAIL
[ ] **ORDER GRANTING PROBATION** [X] **AND MINUTE ORDER**

| CASE NUMBER |
| --- |
| SCR52789   F0070505 |

| Date of hearing: February 05, 1991 | | Dept. No.: 9 | |
| --- | --- | --- | --- |
| Judge: Craig S. Kamansky | Clerk: Bobbi Bullo | | Reporter: Nora Garrigus |
| Counsel for People K. Relyea | Counsel for defendant: B. Bristol | | Probation Officer: J. Jorski |

1 Defendant was convicted of the commission of the following crime on (Date)

| Count | Code Section | Crime | Degree | By Jury, Court or Plea (Specify) |
| --- | --- | --- | --- | --- |
| I | PC187 | Murder | Second | Plea |
| VI | PC664/187 | Attempted Murder | First | Plea |

2 Defendant [ ] was arraigned [X] waived arraignment for judgment

3 The court having read and considered the probation report and no legal cause having been shown why judgment should not be pronounced

 a [X] Sentences defendant to State Prison for the term prescribed by law Cnt I 15 years to life; Cnt VI Life with

 b [ ] Specifies, pursuant to Pen C 1202b, the minimum term of imprisonment shall be six months as to count   possibility parole

 c [ ] Sentences defendant to County Jail for the period of (Specify number of days)

 d [ ] Suspends imposition of sentence and defendant is placed on probation for the period of
   [ ] upon conditions set forth in attachment 3d

4 [X] Defendant, convicted of more than one count, shall

 a [X] serve the sentence as to each count as follows

| Count | Consecutive With | Concurrent with |
| --- | --- | --- |
| III | Count I | |
| I | Count III | |
| VI | | Count III, and Count I |

 b [X] serve the counts made consecutive in the following order
   Count III, Count I

5 Defendant shall serve this sentence with respect to any prior uncompleted sentence  a [ ] concurrently  b [ ] consecutively
 c [ ] as set forth below or in attachment 5c

6 Execution of sentence is

 a [ ] stayed on the following count                pending appeal, with the stay to become permanent
   when the sentence is completed as to count

 b [ ] suspended and defendant is placed on probation for the period of
   [ ] upon conditions set forth in attachment 6b

7 [ ] No allegation to enhance punishment was made in count

**MAR 18 1991**

8 [X] It was alleged

 a [X] Defendant was armed with a deadly weapon at the time of the commission or attempted commission of the crime charged
   in count   I, and VI   [ ] and allegation stricken as to count

**(Continued on reverse side)**

This form satisfies the requirements of Penal Code 1213.5 (Abstract of Judgment and Commitment). Singular includes the plural. This form is to be used in judgments other than death. A copy of probation report shall accompany this form pursuant to Penal Code 1203c and a copy of any supplementary probation report shall be transmitted to the Department of Corrections. Attachments may be used but must be incorporated by reference.

Approved by the
Judicial Council of California
Effective July 1, 1976
13-14004-301

**JUDGMENT-COMMITMENT**

Pen C 644 969c 969d 1203 1213.5
3024 12022 12022.5

004696

b [X] Defendant used a firearm in count     I     and allegation stricken as to count

c [ ] Defendant was armed at the time of arrest with a concealed deadly weapon within the meaning of Pen. C. 3024

    [ ] and allegation stricken

d [ ] Other (Specify and indicate if stricken)

9 [X] The Court finds the defendant

   a [X] was armed at the time of commission or attempted commission of the crime with a deadly weapon within the meaning of

      (1) [ ] Pen C 3024 as to count      [ ] but strikes the finding as to count

      (2) [X] Pen C 12022 as to count   I   4 yrs.   [ ] but strikes the finding as to count

      (3) [ ] Pen C 1203 (Specify weapon)

       as to count      [ ] but strikes the finding as to count

   b [ ] was *not* armed at the time of commission or attempted commission of the crime within the meaning

      (1) [ ] Pen C 3024 as to count

      (2) [ ] Pen C 12022 as to count

      (3) [ ] Pen C 1203 as to count

   c [X] *did* use a firearm as to count     I     [ ] but strikes the finding as to count

      (1) [X] The use was one use for the following counts    I      The additional penalty shall

       run consecutively to the sentence on the last count to be served.

   d [ ] *did not* use a firearm as to count

   e [ ] was armed at the time of arrest with a concealed deadly weapon within the meaning of Pen. C. 3024 [ ] but strikes

      the finding.

   f [ ] was *not* armed at the time of arrest with a concealed deadly weapon within the meaning of Pen C 3024

   g [ ] Other (Specify and indicate if stricken)

10 [ ] Prior convictions which affect defendant's sentence were alleged and disposed of [ ] as follows    [ ] as set forth in attachment 10

| Conviction date | Jurisdiction | Crime and code Section | Applies to Count | Disposition |
|---|---|---|---|---|
| | | | | |

11 The court finds defendant   a [ ] is [ ] is not an habitual criminal under Pen C 644a

                b [ ] is [ ] is not an habitual criminal under Pen C 644b

12 The court pronounced sentence on (Date) **February 05, 1991** and defendant was held in custody through and including the date of pronouncement of sentence for (Total no. of days) **349** as follows

| Count | Time other than Dept. of Corrections | Dept. of Corrections Time |
|---|---|---|
| | 223 actual + 116 conduct days | |

13 Defendant is remanded to the custody of the Sheriff

   a [ ] For the period of (Specify no. of days)       upon conditions and recommendations set forth in attachment 13a

   b [X] To be delivered   [X] at the earliest convenient time   [ ] after 48 hours, excluding Saturdays, Sundays and holidays

     [Pen C 1203c] into the custody of the Director of Corrections at

     (1) [ ] California Institution for Women—Frontera     (3) [X] California Institution for Men—Chino

     (2) [ ] California Men's Facility—Vacaville     (4) [ ] Other

14 [ ] The court requests a copy of the diagnostic study and recommendations as provided in Pen C 1168

15 The court advised defendant of all appeal rights as required in CRC Rule 250 and defendant acknowledged understanding them

16 [ ] Other (See attachment 16)

February 05, 1991   **CRAIG S. KAMANSKY**

(Type or print name)             (Signature of Judge of the Superior Court)

[ ] If box not checked

## CLERK'S CERTIFICATE

I hereby certify that the foregoing is a correct copy of the original on file in my office

Clerk of the Superior Court

By Karen Tregea          Deputy

004697



SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

THE PEOPLE OF THE STATE OF CALIFORNIA,

**Plaintiff**

v.

GERMAINE JOSEPH DUNLAP, **(001)**
  aka ICEMAN

**Defendant(s)**

Case No. **SCR 52789**
**F00 70505**

**I N F O R M A T I O N**

Arraignment Date: 10/26/90
Department: CEN 9

FILED-Central District
San Bernardino County Clerk

OCT 26 1990

By _Karen Tregor_ Deputy

**I N F O R M A T I O N**
**S U M M A R Y**

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC187(a) | 25-Life | DUNLAP, GERMAINE JOS | PC12022.5a\1203.06 | 3-4-5 NSP* |
| 2 | PC459 | 2-4-6 | DUNLAP, GERMAINE JOS | PC12022.5a\1203.06 | 3-4-5 NSP* |
| 3 | PC245(a)(2) | 2-3-4 | DUNLAP, GERMAINE JOS | PC12022.5a\1203.06 | 3-4-5 NSP* |
| 4 | PC245(a)(2) | 2-3-4 | DUNLAP, GERMAINE JOS | PC12022.5a\1203.06 | 3-4-5 NSP* |
| 5 | PC245(a)(2) | 2-3-4 | DUNLAP, GERMAINE JOS | PC12022.5a\1203.06 | 3-4-5 NSP* |
| 6 | 664/PC187(a) | Check Code | DUNLAP, GERMAINE JOS | PC12022.5a\1203.06 | 3-4-5 NSP* |

002048

OCT 30 1990

OCT 31 1990

The District Attorney of the County of San Bernardino, by this Information
alleges that:


## COUNT  1

On or about June 17, 1990, in the above named Judicial District, the crime
of MURDER, in violation of PENAL CODE SECTION 187(a), a Felony, was committed
by GERMAINE JOSEPH DUNLAP, who did willfully, unlawfully, and with malice
aforethought kill CARL STANLEY WILLIAMS JR., a human being.    It is further
alleged that the above offense is a serious felony within the meaning of Penal
Code Section 1192.7(c)(1).

It is further alleged that in the commission and attempted commission of
the above offense, the said defendant(s), GERMAINE JOSEPH DUNLAP, personally
used a firearm(s) within the meaning of Penal Code Sections 1203.06(a)(1) and
12022.5 and also causing the above offense to become a serious felony pursuant
to Penal Code Section 1192.7(c)(8).


\* \* \* \* \*


## COUNT  2

On or about June 18, 1990, in the above named Judicial District, the crime
of RESIDENTIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Felony, was
committed by GERMAINE JOSEPH DUNLAP, who did willfully and unlawfully enter an
inhabited dwelling house and trailer coach and inhabited portion of a building
occupied by FELIX BROWN, with the intent to commit larceny and any felony.
It is further alleged that the above offense is a serious felony within the
meaning of Penal Code Section 1192.7(c)(18).    It is further alleged that the
above offense is a violation of Penal Code Section 462(a).


002049

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s), GERMAINE JOSEPH DUNLAP, personally used a firearm(s) within the meaning of Penal Code Sections 1203.06(a)(1) and 12022.5 and also causing the above offense to become a serious felony pursuant to Penal Code Section 1192.7(c)(8).

\* \* \* \* \*

COUNT 3

On or about June 18, 1990, in the above named Judicial District, the crime of ASSAULT WITH A FIREARM, in violation of PENAL CODE SECTION 245(a)(2), a Felony, was committed by GERMAINE JOSEPH DUNLAP, who did willfully and unlawfully commit an assault on FELIX BROWN SR. with a firearm.

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s), GERMAINE JOSEPH DUNLAP, personally used a firearm(s) within the meaning of Penal Code Sections 1203.06(a)(1) and 12022.5 and also causing the above offense to become a serious felony pursuant to Penal Code Section 1192.7(c)(8).

\* \* \* \* \*

002050

COUNT 4

On or about June 18, 1990, in the above named Judicial District, the crime of ASSAULT WITH A FIREARM, in violation of PENAL CODE SECTION 245(a)(2), a Felony, was committed by GERMAINE JOSEPH DUNLAP, who did willfully and unlawfully commit an assault on TYRONE JENKINS with a firearm.

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s), GERMAINE JOSEPH DUNLAP, personally used a firearm(s) within the meaning of Penal Code Sections 1203.06(a)(1) and 12022.5 and also causing the above offense to become a serious felony pursuant to Penal Code Section 1192.7(c)(8).

* * * * *

COUNT 5

On or about June 18, 1990, in the above named Judicial District, the crime of ASSAULT WITH A FIREARM, in violation of PENAL CODE SECTION 245(a)(2), a Felony, was committed by GERMAINE JOSEPH DUNLAP, who did willfully and unlawfully commit an assault on LORETTA BROWN with a firearm.

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s), GERMAINE JOSEPH DUNLAP, personally used a firearm(s) within the meaning of Penal Code Sections 1203.06(a)(1) and 12022.5 and also causing the above offense to become a serious felony pursuant to Penal Code Section 1192.7(c)(8).

* * * * *

002051

COUNT 6

On or about June 18, 1990, in the above named Judicial District, the crime of ATTEMPTED WILLFUL, DELIBERATE, PREMEDITATED MURDER, in violation of PENAL CODE SECTION 664/187(a), a Felony, was committed by GERMAINE JOSEPH DUNLAP, who did willfully, unlawfully, deliberately, with premeditation and malice aforethought, attempt to murder ANTHONY GRAY, a human being.

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s), GERMAINE JOSEPH DUNLAP, personally used a firearm(s) within the meaning of Penal Code Sections 1203.06(a)(1) and 12022.5 and also caring the above offense to become a serious felony pursuant to Penal Code Section 1192.7(c)(8).

* * * * *

THIS INFORMATION CONSISTS OF 6 COUNT(S).

DENNIS KOTTMEIER
DISTRICT ATTORNEY
County of San Bernardino,
State of California

BY: _Kathleen H Relyea_
KATHLEEN RELYEA
DEPUTY DISTRICT ATTORNEY

Filed in Superior Court,
County of San Bernardino

DATED: _Oct 26, 1990_

002052

JERMAINE DUNLAP
E90196

.PatientInfo

**YOUR TEST RESULTS HAVE BEEN EVALUATED AND THE FOLLOWING HAS BEEN DETERMINED:**

A repeat test will be ordered in 2 weeks (CBC with diff). Other results were within normal limits.  You will be ducated for this test.

Bertuol, ▆▆▆▆▆▆Psychiatrist

Sincerely,

California Correctional Health Care Services