UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE JOSEPH DUNLAP,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, et al.,<br><br>Respondents. | NO. CV 22-4290-SB (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner challenges the denial of resentencing under Cal. Penal Code §§ 1170.95 and 1170(d). For the reasons set forth below, the Court summarily dismisses the Petition for failure to state a cognizable claim on federal habeas review.

**I.**

**PROCEDURAL HISTORY**

The Court takes judicial notice of the records in Petitioner's federal habeas corpus actions in the Eastern District of California and the District of Columbia,[1]

---

[1] The District of Columbia denied his habeas petition for want of jurisdiction. (Dkt. No. 1 at 44-46.)

and the available state court records. *See* Fed. R. Evid. 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

In 1991, Petitioner pled guilty to second degree murder, assault with a firearm, and attempted murder in San Bernardino County Superior Court Case Nos. SCR52789 and F0070505. Petitioner received an aggregate sentence of 25 years to life in state prison. (Petition, Dkt. No. 1 at 2, 47-50.) According to the online docket, the judgment was affirmed by the California Court of Appeal in Case No. E009764. (*Id.* at 2; https://appellatecases.courtinfo.ca.gov)

Relevant here, on September 27, 2019, Petitioner filed a petition for resentencing under Cal. Penal Code § 1170.95 in the San Bernardino County Superior Court. (Dkt. No. 1 at 8-10 (Case No. SCR52789.) On December 18, 2019, the District Attorney filed a motion to strike the petition for resentencing. (*Id*. at 43.) The hearing was continued at least twice. (*Id.* at 17-18.) The Board of Parole Hearings issued a Notice of Subsequent Suitability Hearing scheduled for June 16, 2022. (*Id.* at 24.) The Petition does not attach a decision on the § 1170.95 petition in Case No. SCR52789.

On June 14, 2022, Petitioner appears to have constructively filed a petition for recall and resentencing under Cal. Penal Code § 1170(d) before the California Court of Appeal. (*Id.* at 28-37.)

According to the online database, Petitioner filed a state habeas petition before the California Court of Appeal, Fourth District, Division Two, on June 17, 2022 in Case No. E079217. The Court of Appeal summarily denied the petition on August 11, 2022.

Petitioner's last filing in the California Supreme Court was a state habeas petition filed on November 6, 2013 and summarily denied on January 15, 2014. *In re Dunlap*, 2014 Cal. LEXIS 385 (Jan. 15, 2014).

On June 21, 2022, Petitioner filed the Petition presently before the Court.[2]

## II.

## **FEDERAL HABEAS REVIEW STANDARD**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

A federal court may not grant a petition for writ of habeas corpus by a person in state custody with respect to any claim that was adjudicated on the merits in state court unless it (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

## III.

## **DISCUSSION**

### A. **Exhaustion**

Federal habeas relief is generally unavailable when a petitioner has not exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must "fairly present" his federal claim to the state's highest court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Construed liberally, the Petition challenges the state court's application of

---

[2] Petitioner has since filed a document that is described in the body as a "motion for discovery document and court records." (Motion at 2, Dkt. No. 16.) Notwithstanding the title, the motion does not request any relief but rather attaches various documents from San Bernardino County Superior Court, the Board of Parole Hearings, the prison or the federal district court for the District of Columbia (the last of which was filed with the Petition). To the extent Petitioner seeks relief other than the Court's review of the attached documents, the motion is DENIED.

3

Cal. Penal Code §§ 1170.95 and 1170(d). The resentencing laws on which Petitioner relies took effect in January 2019. According to the California Appellate Case database, Petitioner's last filing in the California Supreme Court was a habeas petition that was filed on November 6, 2013 and summarily denied on January 15, 2014. Petitioner contends that because his last filing in the California Supreme Court predated the effective date of the state laws, he is entitled to proceed with his claim. Even assuming exhaustion, however, Petitioner would not be entitled to federal habeas relief for the reasons set forth below.

### B. Cognizability

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). An error in applying state sentencing law does not state a claim for federal habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989).[3] An error of state law alone "'is not a denial of due process.'" *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (citation omitted).

Petitioner's claims are based solely on his assertion that he is entitled to resentencing under Cal. Penal Code §§ 1170.95 and 1170(d). Whether Petitioner is entitled to relief under Cal. Penal Code § 1170.95 is a matter of state

---

[3] *See also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("federal habeas corpus relief does not lie for errors of state law") (quoting *Estelle*, 502 U.S. at 67); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"); *Souch v. Schaivo*, 289 F.3d 616, 622-23 (9th Cir. 2002) (state prisoner's challenge to trial court's exercise of discretion under state sentencing law fails to state cognizable federal habeas claim).

law that is not cognizable on federal habeas review. *Davis v. Munoz*, 2019 U.S. Dist. LEXIS 97190, *9-*10 (C.D. Cal. May 2, 2019), *accepted*, 2019 U.S. Dist. LEXIS 97189 (C.D. Cal. June 7, 2019). Petitioner's claim of entitlement to resentencing under Cal. Penal Code § 1170(d) also presents a state law issue that is not cognizable on federal habeas review. *Quintero*, 2021 U.S. Dist. LEXIS 249565, at *22-*23 (finding absence of cognizable federal habeas claim based on previous version of § 1170(d) effective June 27, 2018; collecting cases).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Summary dismissal is appropriate in this case because the court lacks jurisdiction over the Petition.

## IV.
## ORDER

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action for lack of subject matter jurisdiction.

DATED: August 18, 2022

STANLEY BLUMENFELD, JR.
United States District Judge

5